**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **B.P.**

**No. 24-264** (Nicholas County CC-34-2023-JA-154)

**MEMORANDUM DECISION**

Petitioner Father C.P.[1] appeals the Circuit Court of Nicholas County's April 8, 2024, order terminating his parental rights to B.P., arguing that the circuit court erred in finding that there was no reasonable likelihood the conditions of abuse and neglect could be corrected.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHS filed a petition in December 2023, alleging that the petitioner failed to protect the child by leaving the then-five-month-old in her mother's care when he knew or should have known that the mother was abusing drugs. The DHS also noted the petitioner's involvement in two prior abuse and neglect cases. In 2020, he was adjudicated as an abusive and neglectful parent to two other children due to drug abuse and leaving a loaded gun near the children's toys. The petitioner completed an improvement period and the case was dismissed. The second case, filed in 2022 and involving the petitioner's continued substance abuse, concluded when he voluntarily relinquished his parental rights to the same two children. The DHS alleged that the conditions giving rise to its prior petitions continued to exist.

---

[1] The petitioner appears by counsel John C. Anderson II, who filed the brief in accordance with Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney Wyclif S. Farquharson. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Juliana C. Dotsenko appears as the child's guardian ad litem.

[2] Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

At an adjudicatory hearing in February 2024, the petitioner admitted to the allegations in the petition, and on this basis, the circuit court adjudicated him as an abusive and neglectful parent and B.P. as an abused and neglected child. The matter came on for a dispositional hearing in March 2024. The court took judicial notice of the petitioner's prior cases and the evidence presented therein. The petitioner then testified that he would fully comply with the terms and conditions of an improvement period if granted one, that he had completed an improvement period in a prior case, and that drug use was no longer an issue for him and drugs were no longer used in the home. He testified that he and the mother had separated, though she still lived in the martial home during the week while he worked out of state. A DHS worker testified and recommended termination because the DHS could not offer the petitioner any additional services, since his prior receipt of services had not prevented future abuse and neglect. The worker also testified that there was not "much of a bond" between the petitioner and the child, given the child's young age.

The court found, as a preliminary matter, that although the petitioner's single drug screen during the proceedings was negative, it was also diluted, "which in the Court's view changes that to a positive test." Given that the petitioner had received services and completed an improvement period in the past, "only to return to [c]ourt . . . in a new petition in a very short amount of time," the court found that "there [was] no reasonable likelihood . . . that [the petitioner] could correct the conditions of abuse and neglect that led to the filing of the current petition within the foreseeable future." The court additionally found that the petitioner had habitually abused drugs to the extent that proper parenting skills had been seriously impaired and did not respond to or follow through with the recommended and appropriate treatment which could have improved his capacity for adequate parental functioning. Finding that "no amount of services would correct the conditions of abuse and neglect due to the [petitioner's] long history of drug use and completely failing to be even [a] minimally effective parent[]," the court determined that termination was in the child's best interests, especially considering the child's need for stability. Accordingly, the court terminated the petitioner's parental and custodial rights to B.P.[3] The petitioner appeals from the dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner raises a single assignment of error, arguing that the circuit court erred in terminating his rights based on its finding that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future. However, it is well established that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). Here, there is sufficient evidence to support the circuit court's finding. This was the petitioner's third abuse and neglect case in as many years, each arising from drug abuse in the home, and despite the petitioner's having completed an improvement period

_____

[3] The mother's rights were also terminated. *See In re B.P.*, No. 24-257, 2025 WL 689452 (W. Va. March 4, 2025) (memorandum decision). The permanency plan for B.P. is adoption in the current placement.

in the first case. Although he claimed that drugs were no longer an issue, the petitioner provided a single diluted drug screen which the court treated as positive. These constitute circumstances in which there is no reasonable likelihood that conditions can be corrected. *See* W. Va. Code § 49-4-604(d)(1). The record therefore supports the court's finding that no amount of services could correct the conditions of abuse and neglect, as the petitioner failed to gain or maintain any meaningful benefit from past DHS involvement. Moreover, there is no need for courts to

> exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements.

Syl. Pt. 1, in part, *In re R.J.M.,* 164 W. Va. 496, 266 S.E.2d 114 (1980). The child in this case was less than one year old at disposition, and the court found that termination was necessary for her welfare, a finding the petitioner does not challenge on appeal. Circuit courts are permitted to terminate a parent's rights upon such findings. *See* W. Va. Code § 49-4-604(c)(6). As such, the petitioner is not entitled to relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 8, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: June 26, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV